WRIGHT, FINLAY & ZAK, LLP
Kathy Shakibi, Esq., SBN 237182
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050
Email: kshakibi@wrightlegal.net

Attorneys for Defendant,
Selene Finance LP
erroneously named herein as
Selene Finance

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND COURTHOUSE

| | |
|---|---|
| THEYA KANAGARATNAM,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br><br>SELENE FINANCE,<br><br>　　　　　Defendant. | **Case No.:** 4:25CV7833<br><br>*Assigned to Hon. Yvonne Gonzalez Rogers*<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**<br><br>Ctrm: 1<br><br>Complaint filed on: 9-15-2025 |

　　　　Defendant, Selene Finance LP, ("Selene"), *erroneously named herein as* Selene Finance, submits this Reply in support of its Motion to Dismiss the Complaint of Plaintiff, Theya Kanagaratnam ("Plaintiff").

///

///

///

///

## I. PROCEDURAL HISTORY

Any Opposition to Selene's Motion to Dismiss the Complaint was due by November 3, 2025, and Plaintiff failed to oppose. After Selene filed a Statement of Non-Opposition, the Court on its own motion extended Plaintiff's deadline to file an opposition to November 24, 2025. As of November 25, 2025, Plaintiff has yet again failed to file an opposition.

Counsel for Selene has received in the mail a document from Plaintiff entitled "Opposition to Defendant's Motion to Dismiss," however, said document has not been filed with the Court. Out of an abundance of caution, Selene will address the "mailed but not filed opposition" ("Opposition") in this Reply.

## II. LEGAL ANALYSIS

In its Motion to Dismiss the Complaint, Selene described in detail that Res Judicata bars Plaintiff's instant action because in the 2024 Lawsuit that Plaintiff had filed against Selene and two additional parties, Selene obtained a **Judgment of Dismissal with Prejudice** on the merit in favor of Selene and the judgment is final. Selene argued that Res Judicata bars claims that were raised in the 2024 Lawsuit in addition to claims that *could have been raised* in the 2024 Lawsuit.

In her Opposition, Plaintiff does not rebut the Res Judicata argument. Instead, Plaintiff argues that:

"Defendant's defense of Res Judicata does not apply in this Bill in Equity case in Court of Equity under Exclusive Equity Jurisprudence; that's the jurisdiction under which this Bill in Equity case has been brought from day one, anything else filed in the past were filed in the wrong Jurisdictions, appropriate measures have been taken to nullify those filings." Opposition p. 2, ll. 4-8.

"The Res Judicata defense by the Defendant further underlines the controversy, and it necessitates that this matter be settled in Chambers because there is controversy over this subject matter here between equitable side and the legal side." Opposition p. 2, ll. 17-19.

"Further, this Defendant's Res Judicata defense is purely based on cases cited in its filing that do not exist – Superior Court of California case number 24CV061740 and Chapter 7 case number 24-40209 that were filed under the wrong colorable law of Commercial Admiralty, Maritime, Military Jurisdiction – wrong Jurisdiction for this Private National of the union member state of California. Once I started to recognize this mistake, I used my Equitable Right of Rescission and rescinded both cases in its entirety and repented my sin." Opposition p. 3 ll. 9-15.

Plaintiff appears to argue that she possesses an "equitable right of rescission" to unilaterally rescind a final judgment on the merit in favor of Selene. No plaintiff possesses a unilateral right to rescind a court entered judgment. Plaintiff attempted to vacate the judgment in favor of Selene, by filing a Motion to Vacate/Set Side the Judgment and on November 7, 2024, the Alameda Superior Court entered an order denying Plaintiff's Motion to Vacate/Set Aside the Judgment, a true and correct copy of which is attached as **Exhibit "17"** to Selene's Request for Judicial Notice ("RJN") filed in support of its Motion to Dismiss. Thereafter, Plaintiff did not appeal the judgment. The docket for the 2024 Lawsuit shows that Plaintiff did not appeal the Judgment in favor of Selene. [Exh. "9" to RJN] The time to appeal that Judgment has since expired, and the Judgment in favor of Selene is final. The final judgment, which Plaintiff is unable to unilaterally rescind, bars Plaintiff's instant action.

Plaintiff in her Opposition also proceeds to challenge the Assignments of Deed of Trust and alleges that recorded documents were robo-signed and MTC Financial Inc. dba Trustee Corps was not the substituted trustee. Any challenge to the Loan and the trustee sale could have been and should have been raised in the 2024 Lawsuit, and Res Judica bars the Plaintiff from raising any claim regarding the Loan and trustee sale now. Thus, the Complaint is not capable of being amended.

Moreover, on September 16, 2025, the Property was sold to a third-party purchaser, thus, Plaintiff's requested remedy of "settle and close the account and release the lien" cannot be granted. For these reasons, Selene respectfully requests that its Motion to Dismiss be granted without leave to amend.

### III.  CONCLUSION

Plaintiff <u>has twice failed to file an opposition</u> to Selene's Motion to Dismiss, first by its original due date of November 3, 2025, and then by its extended due date of November 24, 2025. The opposition that Plaintiff mailed to Selene's counsel without filing it, does not and cannot rebut that Res Judicata bars Plaintiff's instant action. Plaintiff's argument that she unilaterally "rescinds" the 2024 Lawsuit in which a final judgment on the merit was entered in favor of Selene is wholly unsupported, and nonsensical. Thus, Selene respectfully requests that its Motion to Dismiss the Complaint be granted without leave to amend.

///

///

```
 1
 2                                              Respectfully submitted,
 3
 4                                              WRIGHT, FINLAY & ZAK, LLP
    Dated: November 25, 2025                    By: /s/ Kathy Shakibi
 5                                              Kathy Shakibi, Esq.
 6                                              Attorneys for Defendant,
                                                Selene Finance LP
 7                                              erroneously named herein as Selene
                                                Finance
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT
4:25CV7833

# PROOF OF SERVICE

I, Adriana Barrett, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On November 26, 2025, I served the within **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Theya Kanagaratnam
2316 Lakeshore Ave, 16
Oakland, CA 94606
*Plaintiff pro per*

[ ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]   **(BY OVERNIGHT- NEXT DAY DELIVERY)** I placed true and correct copies thereof enclosed in a package designated by FedEx with the delivery fees provided for.

[ ]   (BY ELECTRONIC SERVICE) Based on an agreement of the parties to accept service electronically, I caused the document(s) to be transmitted electronically to the e-mail address(es) indicated herein. To the best of my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

[ ]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 26, 2025, at Newport Beach, California.

*Adriana Barrett*
Adriana Barrett