United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THEYA KANAGARATNAM,**<br>**Plaintiff,**<br>**v.**<br>**SELENE FINANCE[1],**<br>**Defendant.** | **Case No.: 25-CV-07833 YGR**<br>**ORDER GRANTING MOTION TO DISMISS** |

Before the Court is defendant's Motion to Dismiss, filed on October 20, 2025. (Dkt. No. 14.)[2] Plaintiff failed to timely file her opposition, which was due on November 3, 2025. Civ. L.R. 7-3(a). The Court then ordered plaintiff to file an opposition no later than November 24, 2025. (Dkt. No. 19 ["November 24 Order"].)

Plaintiff submitted her opposition by mail on November 24, 2025, which has been filed on the docket (Dkt. No. 21).[3]

[1] The Court acknowledges that defendant ("Selene") has been erroneously named as Selene Finance instead of Selene Finance LP. *See* Dkt. No. 18, Defendant's Statement of Nonopposition to its Motion to Dismiss the Complaint.

[2] In connection with its motion, defendant filed a request for judicial notice of certain publicly recorded documents from the record in the related state case. (Dkt. No. 15, Defendant's Request for Judicial Notice in Support of Motion to Dismiss ["RJN"].) The Court **GRANTS** the request pursuant to Federal Rule of Evidence 201. "[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). The facts subject to judicial notice are properly considered on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Mullis v. United States Bankruptcy Ct.*, 828 F.3d 1385, 1388 (9th Cir. 1987).

[3] Defendant acknowledges that it also received plaintiff's opposition by mail.

United States District Court
Northern District of California

Defendant filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (1) this lawsuit is barred by issue preclusion[4]; and (2) plaintiff failed to state a claim for relief.

## I. BACKGROUND

In 2002, plaintiff purchased a property located at 2316 Lakeshore Ave, Unit #16, Oakland, CA 94606 ("the property"). (Dkt. No. 1, Compl., 5:17; RJN, Ex. 1.) Plaintiff's mortgage loan went into default in 2023. (RJN, Ex. 6.) In 2024, plaintiff filed a lawsuit against her mortgage loan servicer, Selene Finance (also the defendant in this case) after a trustee sale of the property was scheduled for February 16, 2024.[5] (RJN, Ex. 8.) Plaintiff then filed an Ex Parte Application to restrain and enjoin the trustee sale, which the Alameda County Superior Court denied. (RJN, Ex. 10.) The day prior to the scheduled trustee sale, plaintiff filed for bankruptcy protection, resulting in another delay of the trustee sale. (RJN, Ex. 11.) The 2024 lawsuit concluded with a final judgment on the merits in favor of defendant. (RJN, Ex. 15.) The bankruptcy case has since closed. (RJN, Ex. 12.)

Plaintiff filed her complaint in this case on September 15, 2025, requesting a Court Order to halt the sale of the property.

## II. LEGAL FRAMEWORK

### A. Issue Preclusion

The doctrine of issue preclusion operates to bar litigation in a subsequent action where a plaintiff raised, or could have raised, the same claims in a prior action that resulted in a final judgment on the merits. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

---

[4] This term has replaced a more confusing lexicon. Issue preclusion encompasses the *res judicata* doctrines once known as "collateral estoppel" and "direct estoppel." See *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 77, n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

[5] US Bank and Trustee Corps were also defendants in the lawsuit.

To determine whether a plaintiff's issues are precluded, a federal court must apply the rules of the particular state—in this case California—to judgments issued by that state. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988). Under California law, issues are precluded "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties." *Owens*, 244 F.3d at 713 (internal quotations omitted).

California does not require that the claims be identical to preclude re-litigating those claims. *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 897 (2002). "If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised." *Gonzalez v. California Dept. of Corrections*, 739 F.3d 1226, 1233 (9th Cir. 2014) (quoting *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1174 (1983). California also subscribes to the view that identity or privity of parties must only be satisfied as to the party against whom preclusion is asserted. In other words, the pertinent question with respect to privity of parties is whether "the party against whom the plea [of issue preclusion] is asserted [was] a party or in privity with a party to the prior adjudication." *Bernhard v. Bank of Am. Nat. Trust & Sav. Ass'n*, 19 Cal.2d 807, 813 (1942).

## III. ANALYSIS

Defendant contends that all of plaintiff's claims should be precluded, because plaintiff has already raised, or could have raised, them in the state court action that resulted in a dismissal with prejudice. Plaintiff neither addresses the three prongs—(1) identity of claims, (2) final judgment on the merits, and (3) identity of parties—nor argues that they are not met in this case. Instead, plaintiff argues that "Defendant's defense of Res Judicata does not apply in this Bill in Equity case in Court of Equity under Exclusive Equity Jurisprudence." (Oppo. at 2.) The Court disagrees and must apply the test referenced above.

The three-prong test is satisfied here because *first*, the factual allegations in both the State Court Complaint and the complaint filed in this action "involve the same primary right," which is the allegedly wrongful foreclosure. *Boeken*, 48 Cal.4th at 108. *Second*, the dismissal of the state court action is a final judgment on the merits. The state court entered an order and judgment, dismissing

that action with prejudice. (RJN, Ex. 17.) *Third*, plaintiff is unquestionably the same person in both the state court action and this federal action, and defendant Selene is likewise the same entity. Thus, this lawsuit is barred by issue preclusion.

Therefore, the Court need not reach defendant's second argument that plaintiff has failed to state a claim upon which relief can be granted.

For the foregoing reasons, the motion to dismiss is hereby **GRANTED** with prejudice. The Clerk of the Court shall close this action.

**IT IS SO ORDERED.**

Dated: January 13, 2026

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California